IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EP HENRY CORP., <br><br> Plaintiff/Counterclaim Defendant <br> v. <br><br> CAMBRIDGE PAVERS, INC., <br><br> Defendant/Counterclaim Plaintiff. | HONORABLE JEROME B. SIMANDLE <br><br> Civil Action No. 17-1538 (JBS/KMW) <br><br> **OPINION** |

APPEARANCES:

Craig S. Hilliard, Esq.
Gene Markin, Esq.
STARK & STARK, PC
Princeton Pike Corporate Center
993 Lenox Drive – Building Two
PO Box 5315
Princeton, NJ 08543
    Attorneys for Plaintiff/Counterclaim Defendant

John Michael Agnello, Esq.
Christopher John Buggy, Esq.
Melissa E. Flax, Esq.
CARELLA BYRNE CECCHI OLSTEIN BRODY & AGNELLO, PC
5 Becker Farm Road
Roseland, NJ 07068
    Attorneys for Defendant/Counterclaim Plaintiff

**SIMANDLE, District Judge:**

I. **INTRODUCTION**

Plaintiff EP Henry Corporation ("EP Henry" or "Plaintiff") filed a Complaint against Defendant Cambridge Pavers, Inc. ("Cambridge" or "Defendant") alleging, inter alia, that Cambridge engaged in false advertising in violation of the Lanham Act.

(See generally Compl. [Docket Item 1].) Cambridge moved to dismiss the Complaint [Docket Item 8], which the Court granted in part and denied in part.[1] [Docket Item 21.]

Cambridge filed a Counterclaim against EP Henry [Docket Item 26], which was subsequently amended. [Docket Item 51.] In its First Amended Counterclaim, Cambridge generally alleges that EP Henry engages in false advertising relating to its "Duraface technology" and "ColorTech Technology" in violation of the Lanham Act. [Id. at. ¶¶ 5, 10–12.]

Currently pending before the Court is EP Henry's motion for judgment on the pleadings, pursuant to Rule 12(c), FED. R. CIV. P., wherein EP Henry seeks to dismiss Cambridge's First Amended Counterclaim. [Docket Item 53.] The principal issue to be decided is whether Cambridge's advertising counterclaims are non-actionable as mere "puffery." For the reasons explained herein, the Court finds that a number of EP Henry's statements at issue constitute puffery as a matter of law, but that it is plausible that the other statements, in context, do not. Accordingly, EP Henry's motion will be granted in part as to certain non-actionable statements in the First Amended Counterclaim and denied in part as to the remaining statements in the First Amended Counterclaim.

---

[1] The Court incorporates by reference its earlier Opinion in this case. EP Henry Corp. v. Cambridge Pavers, Inc., 2017 WL 4948064 (D.N.J. Oct. 31, 2017).

2

## II. BACKGROUND

### A. Factual Background

EP Henry and Cambridge are both New Jersey businesses engaged in the manufacturing of concrete paving stones and are competitors in the industry. (First Amended Counterclaim [Docket Item 51] at ¶¶ 1-2, 7.) EP Henry markets and sells its pavers under the name "Durafacing," which was registered as a trademark with the United States Patent and Trademark Office. (Id. at ¶¶ 8-9.) It also uses the names "Durafacing Technology," "ColorTech," "COLORTECH," and "Superior Color Technology" to advertise and sell its paving stone products. (Id. at ¶¶ 8, 10.) EP Henry advertises its pavers to a "wide audience of consumers" through a variety of forms including catalogs, brochures, television commercials, and the internet. (Id. at ¶ 12.)

According to Cambridge, in EP Henry's "marketing, advertising and promotional materials and presentations, [it] claims that its paving stone products . . . results in its paving stones being superior to those of its competitors, including Cambridge." (Id. at ¶ 10.) Cambridge provides the following "non-exclusive" list of forty (40) phrases, words, and statements that EP Henry has used to advertise and promote its product, which Cambridge alleges are "unsubstantiated and per se false, literally false, denigrating, misleading, deceptive and/or misstatements of fact":

3

- "The Durafacing Advantage . . . an exceptional richness and depth of color, with a smoother texture than you'll find anywhere else."

- "Durafacing. A STEP ABOVE THE REST!"

- "There are many names and imitators – [Cambridge's] Armortec."

- "EP Henry developed our state-of-the art Durafacing technology, allowing us to create pavers of UNRIVALED BEAUTY and durability."

- "EP Henry pavers possess a smoother surface texture and RICHER COLOR than those of other manufacturers [including Cambridge], providing the most sophisticated and highest quality product."

- "QUALITY, BEAUTY AND DURABILITY TO LAST A LIFETIME, only with Durafacing technology."

- "Quality, beauty and durability to last a lifetime, only with Durafacing technology, only from EP Henry."

- "Nothing surpasses EP Henry Pavers with Durafacing technology."

- "Durafacing . . . A much smoother, denser surface."

- "EP Henry [has] the BEST products."

- "EP Henry's Durafacing technology was first in the market and has been imitated but never equaled."

- "EP Henry's Durafacing process produces pavers with a smoother surface texture and richer color than those of other manufacturers [including Cambridge]."

- "EP Henry Duraface Pavers . . . unequalled durability, smooth texture and rich color."

- "[O]ur state-of-the-art Durafacing technology, allowing us to create pavers of unrivaled beauty and durability."

- "DURAFACE PAVERS . . . CONSTRUCTED TO LAST A LIFETIME."

4

- "[M]arket leader; highest quality; ensures the best product and best finished product."

- "Fact: EP Henry Authorized Hardscaping Distributors are the BEST."

- "Fact: Only EP Henry can utilize the right process to create the best pavers for your home."

- "FACT. EP Henry makes the best paver."

- "[O]nly EP Henry's sophisticated manufacturing facilities included [sic] a variety of production line and processes."

- "No one makes it better." • "Superior Color Technology."

- "clearly superior to any other product in the industry."

- "EP Henry perform[s] much better than the competition [including Cambridge]."

- "EP Henry is the BEST in its Marketplace."

- "[M]anufacturing the highest quality products in the most advanced production facilities in North America"

- "Durafacing is a sophisticated process, requiring a higher level of manufacturing equipment and skill, which produces an enhanced surface texture with exceptional strength.

- "EP Henry Pavers . . . are more resistant to de-icing salts than . . . pavers that utilize inferior materials."

- "Where most manufacturers [including Cambridge] adapt one machine to making multiple products, we have separate facilities and equipment for each of our processes. No other manufacturer can make this claim and, therefore, nor can they match our quality and consistency."

- "[W]e [EP Henry] make the best performing and most appealing Hardscaping [including paving stones] products on the market."

5

- "Only EP Henry manufactures all of our Hardscaping products: Pavers, Walls, Edgers and Veneer Stone."

- "QUALITY FOR LIFE."

- "EP Henry offers a broad assortment of distinctive pavers and walls that set the standard for beauty, quality, and durability."

- "[D]esigned to offer a superior value to our competitors' leading products."

- "INDUSTRY EXCLUSIVE LIFETIME PRODUCT WARRANTY"

- "EP Henry ColorTech Pavers are an exciting new innovation which provides a premium look that's "a cut above" natural stone. The secret is a proprietary formula used in the manufacturing process that intensifies the beauty of our pavers while creating a protective coating that is resistant to staining, acid rain and UV rays. Pavers with ColorTech serve to enhance and protect your investment."

- "COLORTECH is a hardscaping innovation."

- "These pavers [ColorTech] capture the look of natural stone through a unique process that creates deeper, richer colors and extends color fastness and durability over time."

- EP Henry pavers "provide a slip-resistant walking surface."

- EP Henry pavers "provide a non-skid, non-slip surface that is safer."

- EP Henry pavers are "stain resistant."

(Id. at ¶ 13.)

Cambridge's First Amended Counterclaim further alleges that "EP Henry has also used photographic side-by-side comparisons of its paving stones with the paving stones of an unnamed competitor that distort the performance capabilities." (Id. at ¶ 14.)

6

According to Cambridge, EP Henry's deceptive conduct has caused consumers to make purchasing decisions based on "EP Henry's false and/or misleading representations about the capabilities of its 'Durafacing,' 'Durafacing Technology,' 'ColorTech,' 'COLORTECH' and/or 'Superior Color Technology' paving stones." (Id. at ¶ 16.) Specifically, Cambridge claims that as a result, customers "have purchased EP Henry's paving stone products instead of purchasing Cambridge's paving stone products, proximately causing Cambridge to suffer a loss of sales and reputational injury." (Id. at ¶ 17.)

## B. Procedural Background

Following this Court's earlier opinion ruling on Cambridge's motion to dismiss, Cambridge answered EP Henry's Complaint. [Docket Item 26.] In its Answer, Cambridge asserted a Counterclaim with one count against EP Henry for violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). (Id. at. ¶ 5) EP Henry later filed an Amended Complaint on August 9, 2018 [Docket Item 50], and, shortly after, Cambridge filed an Amended Answer and First Amended Counterclaim. [Docket Item 51.] EP Henry answered the First Amended Counterclaim and then filed the present motion for judgment on the pleadings pursuant to Rule 12(c), FED. R. CIV. P., seeking to dismiss the First Amended Counterclaim. [Docket Items 52 & 53.] Cambridge filed a brief in opposition [Docket Item 55], and EP Henry filed a reply brief. [Docket Item 56.] The motion is now

7

fully briefed and ripe for disposition without oral argument pursuant to Rule 78, FED. R. CIV. PRO.

**III. STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial[.]" FED. R. CIV. P. 12(c). Judgment on the pleadings may be granted only where the moving party "clearly establishes" the absence of any "material issues of fact," and demonstrates that judgment should be entered in its favor "as a matter of law." DiCarlo v. St. Mary Hosp., 530 F.3d 255, 259 (3d Cir. 2008); see also Rosenau v. Unifund Corp., 539 F.3d 218, 221 (3d Cir. 2008).

In applying this standard, the Court must "view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party," Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 290 (3d Cir. 1988), and must narrowly confine its inquiry to the allegations of the pleadings and their exhibits, matters of public record, and undisputedly authentic documents that form the basis of the claims. See, e.g., Ettinger & Assocs., LLC v. Hartford/Twin City Fire Ins. Co., 22 F. Supp. 3d 447, 449 (E.D. Pa. 2014).

**IV. DISCUSSION**

Cambridge's First Amended Counterclaim is brought pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), asserting

that EP Henry engages in false advertising in connection with the sale of its paving stone products. (First Amended Counterclaim [Docket Item 51].) EP Henry argues that the First Amended Counterclaim should be dismissed because the counterclaim is based on non-actionable statements of puffery. (EP Henry Br. [Docket Item 53-1] at 2.) Cambridge, in turn, argues that these statements are not puffery because, when read in context with EP Henry's advertising campaign, they are objectively verifiable and measurable "statements of fact." (Cambridge Br. [Docket Item 55] at 18-19.)

In evaluating a claim under Section 43(a) of the Lanham Act there must be a "determination of whether the challenged statement is one of fact — actionable under [S]ection 43(a) — or one of general opinion — not actionable under [S]ection 43(a)." Pizza Hut, Inc. v. Papa John's Int'l, Inc., 227 F.3d 489, 495-96 (5th Cir. 2000). Statements of puffery are, "simply put, not statements of fact," and thus, a form of non-actionable statements under the Lanham Act. N.J. Citizen Action v. Schering-Plough Corp., 367 N.J. Super. 8, 14 (App. Div. 2003).

"Puffery is an exaggeration or overstatement expressed in broad, vague, and commendatory language." Castrol Inc. v. Pennzoil Co., 987 F.2d 939, 945 (3d Cir. 1993). "[S]tatements that can be categorized as 'puffery' or 'vague and ill-defined opinions' are not assurances of fact and thus do not constitute

9

misrepresentations." CPS MedManagement LLC v. Bergen Reg'l Med. Ctr., L.P., 940 F. Supp. 2d 141, 159 (D.N.J. 2013) (citation omitted). As such, puffery "is distinguishable from misdescriptions or false representations of specific characteristics of a product" and "is not actionable." Castrol, 987 F.2d at 945.

"[U]nlike puffery, 'false claims that explicitly or implicitly address product attributes of importance to customers and make statements that are measurable by comparative research are not puffery.'" Hammer v. Vital Pharm., Inc., 2012 WL 1018842, at *7 (D.N.J. Mar. 26, 2012) (quoting Bracco Diagnostics, Inc., v. Amersham Health, Inc., 627 F. Supp. 2d 384, 464 (D.N.J. 2009)). While a statement, standing alone, may be considered puffery, that statement can be "expanded and given additional meaning" when viewed in the context presented to the point where the slogan, itself, "is no longer mere opinion, but rather takes on the characteristics of a statement of fact." Pizza Hut, 227 F.3d at 501-02. Therefore, the context in which any claim is made, is relevant to the Court's analysis.

Here, EP Henry argues its statements — "touting . . . exceptional richness, and depth of color . . . a smoothing surface texture and richer color than those of other manufacturers, and . . . unrivaled beauty and durability" — are not susceptible to objective proof. (EP Henry Br. at 9-10) (internal quotations

omitted). It further argues any of its statements suggesting perpetuity, durability, and/or superiority are opinion based. (Id. at 10-11.) The Court first addresses statements raised in the First Amended Counterclaim that constitute mere puffery as a matter of law, before moving to those statements that do not.

**A. EP Henry's Statements That Constitute Mere Puffery**

The Court finds that Cambridge's allegations about EP Henry's statements regarding the "beauty" of its products are subjective unprovable statements and, therefore, constitute non-actionable puffery. Specifically, EP Henry states that it creates pavers of "unrivaled beauty," that its pavers have "beauty . . . to last a lifetime," and that EP Henry uses a process that "intensifies beauty," and sets the "standard for beauty." (First Amended Counterclaim ¶ 13.) Such statements are the type of generalized and vague claims that constitute puffery. Therefore, these particular statements are non-actionable. See Williamson v. Apple, Inc., 2012 WL 3835104, at *5 (N.D. Cal. Sept. 4, 2012).

Likewise, "[w]hether something is the 'best' is highly subjective, is almost always a matter of opinion, and is the type of statement regularly made by companies in promoting their products." In re Toshiba Am. HD DVD Mktg. & Sales Practices Litig., 2009 WL 2940081, at *9 (D.N.J. Sept. 11, 2009). Thus, when EP Henry represents that its products are the "best," or that its "Authorized Hardscaping Distributors are the best," it represents

11

the type of exaggerated statement regularly made by companies, which is unverifiable. Furthermore, its statement that Durafacing is "a step above the rest" and that "nothing surpasses" its pavers, equally represent statements of mere puffery pertaining to EP Henry's own subjective opinion. These statements of superiority are non-actionable under Section 43(a) of the Lanham Act.

For these reasons, the Court will grant EP Henry's motion for judgment on the pleadings as to the following statements in the First Amended Counterclaim:

- "EP Henry developed our state-of-the art Durafacing technology, allowing us to **create pavers of UNRIVALED BEAUTY** and durability."[2]

- "[O]ur state-of-the-art Durafacing technology, allowing us to create pavers of **unrivaled beauty** and durability."

- "EP Henry offers a broad assortment of distinctive pavers and walls that set the standard for beauty, quality . . ."

- "The secret is a proprietary formula used in the manufacturing process that intensifies the beauty of our pavers . . ."

- "Durafacing. A STEP ABOVE THE REST!"

- "EP Henry Authorized Hardscaping Distributors are the BEST."

- "Nothing surpasses EP Henry Pavers with Durafacing technology."

---

[2] Unlike "unrivaled beauty," "unrivaled durability," may be demonstrable though comparative testing of durability using objective criteria. Therefore, as the Court explains in further detail below, EP Henry's statements as they pertain to durability, will not be dismissed at this pleading stage.

- "EP Henry [has] the BEST products."

(First Amended Counterclaim ¶ 13.) (emphasis added).

**B.   EP Henry's Statements That Do Not Constitute Mere Puffery And Are Actionable if False**

The Court finds it is plausible that the remaining statements made by EP Henry, which Cambridge alleges are objectively verifiable, performance-based, superior and superlative representations in its First Amended Counterclaim, go beyond puffery when considered in the context in which it presents these claims, and others, and that Cambridge should have the opportunity to advance evidence that these statements are false or misleading through an objectively-verifiable and measurable methodology. The Court assumes, as it must in this Rule 12(c) motion, that the EP Henry statements attacked by Cambridge in its Amended Counterclaim are false, but no such finding is made at this time.

EP Henry's statements are often used in connection with its "Durafacing technology," which it describes as "a sophisticated process." (Id.) For example: "EP Henry developed our state-of-the art Durafacing technology, allowing us to create pavers of unrivaled beauty and durability;"[3] "Durafacing process produces pavers with a smother surface texture and richer color;" "Durafacing . . . A much smoother, denser surface." (Id.; see also

---

[3]   Again, the Court is only focusing on "unrivaled durability," as "unrivaled beauty" is mere puffery.

Cambridge Br. at App'x 1 [Docket Item 55 at 26-27].) Thus, EP Henry combines certain representations about its pavers with claims about its superior manufacturing process that "only EP Henry" can provide. (See Cambridge Br. at App'x 1-3 [Docket Item 55 at 26-31].)

EP Henry also advertises: "Durafacing Advantage. . . an exceptional richness and depth of color, with a smoother texture than you'll find anywhere else." In context, EP Henry thus conveys a message that its pavers "never deviate from [its] asserted standard" and maintain attributes measurable against competitors. Fusco v. Uber Techs., Inc., 2018 WL 3618232, at *6 (E.D. Pa. July 27, 2018). Therefore, it is plausible that a potential customer could take these types of representations seriously.[4] Id.; see also Clorox Co. Puerto Rico v. Proctor & Gamble Commercial Co., 228 F.3d 24, 38 (1st Cir. 2000) (finding that "statements, 'Compare with your detergent . . . . Whiter is not possible,' and 'Whiter is not possible,' [were] not non-actionable puffing").

Additionally, Cambridge asserts that EP Henry also "uses literally false, misleading and deceptive performance-based, product superiority and superlative claims about its [other

---

[4] The Court notes that Cambridge makes virtually identical representations in advertising its own Armortech technology. In denying Cambridge's motion to dismiss on that Claim, the Court previously ruled it is plausible a potential customer could reasonably come to the conclusion that Cambridge was not puffing. EP Henry Corp., 2017 WL 4948064, at *4.

14

technology]. . . 'ColorTech,' 'COLORTECH' and 'Superior Color Technology.'" Cambridge points to a number of statements EP Henry makes, including:

> EP Henry ColorTech Pavers are an exciting new innovation which provides a premium look that's "a cut above" natural stone. The secret is a proprietary formula used in the manufacturing process . . . creating a protective coating that is resistant to staining, acid rain and UV rays

and "[p]avers with ColorTech serve to enhance and protect your investment." (First Amended Counterclaim ¶ 13.)

Mere puffing is advertising "that is not deceptive [because] no one would rely on its exaggerated claims." U.S. Healthcare, Inc. v. Blue Cross of Greater Philadelphia, 898 F.2d 914, 922 (3d Cir. 1990) (quoting Toro Co. v. Textron, Inc., 499 F. Supp. 241, 253 n. 23 (D. Del. 1980)); see also Southland Sod Farms v. Stover Seed Co., 108 F.3d 1134, 1145 (9th Cir. 1997). But in this context, in which EP Henry again presents claims about its pavers — in connection with a unique manufacturing process and "proprietary" formula — it is plausible that EP Henry is not engaged in "classic sales talk" or mere puffing. (EP Henry Br. at 2, 12). Rather, EP Henry's representations present more specific statements from which potential customers could reasonably conclude that EP Henry has found the "secret" formula that produces paving stones "constructed to last a lifetime" or maintain "quality, beauty and durability to last a lifetime." Whether these statements about the

lifetime durability and quality of its pavers are false is plausibly demonstrable by objective testing and analysis of the products, and therefore actionable at this stage.

Finally, EP Henry's representations that its pavers, "provide a slip-resistant walking surface," "provide a non-skid, non-slip surface that is safer," and are "stain resistant," are statements of fact that explicitly address attributes of EP Henry's pavers that are important to customers and, furthermore, are potentially measurable. Such statements have been deemed actionable under the Lanham Act. See Bracco Diagnostics, Inc. v. Amersham Health, Inc., 627 F. Supp. 2d 384, 464 (D.N.J. 2009) (finding "allegedly false claims that explicitly or implicitly address product attributes of importance to customers and make statements that are measurable by comparative research are not puffery") (citing Castrol, 987 F.2d at 945-46)). According to EP Henry, these statements are non-actionable subjective opinion, but even in its Amended Complaint, EP Henry itself asserts these same types of statements are actionable as against Cambridge. (Amended Compl. ¶ 24.)

Moreover, a number of EP Henry's allegedly-false claims are made in comparison to another competitor's technology, including Cambridge's "Armortec." (First Amended Counterclaim ¶ 13; Cambridge Br. at App'x 1.) EP Henry advertises: "Durafacing a step above the rest . . . there are many names and imitators – [Cambridge's] Armortec," while using "photographic side-by-side

comparisons of its paving stones with the paving stones of an unnamed competitor." (Id. at ¶ 14.) Cambridge claims that EP Henry further states "quality, beauty and durability to last a lifetime, **only** with Durafacing technology, **only** from EP Henry." (Id.) (emphasis added). Again, statements of side-by-side comparisons of the attributes of competitive products are generally statements of fact, testable by comparative research, and therefore actionable at this stage of the pleadings.

While a vague or exaggerated statement of opinion will, in certain circumstances, constitute non-actionable puffery, here, "in combination with comparison Ads," that message can take on factual characteristics. See Pizza Hut, 227 F.3d at 498–99; see also In re Rust-Oleum Restore Mktg., Sales Practices & Prod. Liab. Litig., 155 F. Supp. 3d 772, 817 (N.D. Ill. 2016) (manufacturers "statements that [product] is 'easy to apply,' 'low maintenance,' and a 'long-lasting alternative to the endless cycle of repairing and repainting' are not mere puffery when read together as they indicate that [its product], when compared to other products on the market, is easier to apply, does not have to be applied as often, and lasts longer").

The Court recognizes that any individual consumer might disregard EP Henry's statements as exaggerations or vague overstatements. In fact, to support its argument that courts have found similar statements, including those based on beauty, color,

and future expectation, as ones of mere puffery, EP Henry cites to a number of cases (see EP Henry Br. at 10), which this Court provided in its earlier opinion, see EP Henry Corp., 2017 WL 4948064, at *3 n.3. However, taken collectively, and in conjunction with repetitive claims of superior technology producing a product with factually superior attributes, EP Henry has given more specific meaning to its statements at issue in this matter, and thus, conveys such information in a way that would plausibly allow a consumer of ordinary prudence to rely on it.

When the facts presented in the pleadings, and the inferences drawn therefrom, are viewed in the light most favorable to Cambridge, the Court finds that it is plausible that a potential customer could reasonably come to the conclusion that Cambridge is not puffing with respect to the statements not identified in Section III.A, supra. Accordingly, the Court will deny EP Henry's motion in part.

**V. CONCLUSION**

For the reasons explained above, EP Henry's motion will be granted in part and denied in part. An accompanying Order will be entered.

| | |
|---|---|
| **April 18, 2019** | **s/ Jerome B. Simandle** |
| Date | JEROME B. SIMANDLE |
| | U.S. District Judge |